UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GARFIELD WRIGHT,

                            Plaintiff,                    **MEMORANDUM & ORDER**
        -against-                                              23-CV-4406 (PKC) (VMS)

T-MOBILE USA, INC.,

                            Defendant.
-------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On June 13, 2023, *pro se* Plaintiff Garfield Wright filed this action against Defendant T-Mobile pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332. (Complaint ("Compl."), Dkt. 1, at ECF[1] 2.) Plaintiff seeks unspecified damages. (*Id.* at ECF 4.) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the complaint with leave to amend within 30 days.

## BACKGROUND

Plaintiff alleges "non-performance, breach of contract and breach of fiduciary duties" in connection with Plaintiff's T-Mobile account and "failure to credit Plaintiff's account" related to cellular phone and data services with T-Mobile. (Dkt. 1, at ECF 1–16.) (emphasis in original).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90-91 (2d Cir. 2021).  Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).  In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016).  Congress has granted district courts two types of subject matter jurisdiction: (1) "federal question jurisdiction," under 28 U.S.C. § 1331, over "cases in which there is a federal question," and (2) "diversity jurisdiction," under 28 U.S.C. § 1332, over "certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  The plaintiff bears the burden of establishing either type of subject matter jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Here, Plaintiff fails to provide a basis for diversity jurisdiction over this matter under 28 U.S.C. § 1332. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *Kingsley v. BMW of North America LLC*, No. 12-CV-3097 (ENV), 2012 WL 2830026, at *2 (E.D.N.Y. July 10, 2012). The amount in controversy must be non-speculative in order to satisfy the statute. The Court measures the amount in controversy as of the date of the complaint, *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005), and it is established by the fact of the complaint and the dollar-amount actually claimed. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

Although Plaintiff alleges that the parties are diverse (Dkt. 1 at ECF 1–2), he fails to set forth the amount in controversy. Instead, Plaintiff relies on a conclusory statement that the "amount in controversy exceeds $75,000" but he does not provide the actual damages he has allegedly sustained or seek specific damages. (Dkt. 1 at ECF 2, 4 ("Enter judgment against the Defendant for the Plaintiff's damages, in an amount to be determined at trial.")). As Plaintiff fails to allege any facts to suggest that the amount in controversy exceeds $75,000, the Court does not have diversity jurisdiction over his state law claims.[2]

## CONCLUSION

---

[2] Liberally construing Plaintiff's Complaint, he also fails to allege federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted).

For the reasons explained above, Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within thirty (30) days of this Order.  If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 23-CV-4406 (PKC) (VMS).  The amended complaint will replace the original complaint and must therefore stand on its own without reference to the original complaint.  In the amended complaint, Plaintiff must set forth facts to show that the Court has subject matter jurisdiction over his claims.  Legal conclusions and conclusory allegations will not suffice.  Plaintiff must provide facts sufficient to allow each named Defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).  Plaintiff must also provide the date and location for each relevant event.  In addition, should Plaintiff invoke diversity jurisdiction, he must also set forth the citizenship of each plaintiff and each defendant named in the caption of the amended complaint, the amount in controversy and the state law at issue.  The amount in controversy must not be speculative.

All further proceedings shall be stayed for 30 days.  If Plaintiff does not file an amended complaint within the time allowed or show good cause why he cannot comply, the Court shall direct the Clerk of Court to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a General Complaint form to the *pro se* Plaintiff and note service on the docket. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, limited-scope legal assistance.

                                            SO ORDERED.

                                          */s/ Pamela K. Chen*
                                          Pamela K. Chen
                                          United States District Judge

Dated: July 24, 2023
       Brooklyn, New York